UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FOSTER PARENTS ASSOCIATION OF WASHINGTON STATE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SUSAN N. DREYFUS, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C11-5051 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

　　　This matter comes before the Court on Susan N. Dreyfus, Secretary of the Washington State Department of Social and Health Services and Denise R. Robinson's, Assistant Secretary of the Washington State Department of Social and Health Services, Children's Administration's ("Defendants") motion for summary judgment (Dkt. 45) and Plaintiff Foster Parents Association of Washington State's ("FPAWS") motion for partial summary judgment (Dkt. 52). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part FPAWS's motion and denies Defendants' motion for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY

On January 18, 2011, FPAWS filed a complaint against Defendants for declaratory and injunctive relief under 42 U.S.C. § 1983 for violations of the Child Welfare Act, 42 U.S.C. §§ 670–679b ("CWA").  Dkt. 1 ("Comp.").

On October 25, 2012, Defendants filed a motion for summary judgment (Dkt. 45) and FPAWS filed a motion for partial summary judgment (Dkt. 52).  On November 30, 2012, both parties responded.  Dkts. 55 & 60.  On December 14, 2012, both parties replied.  Dkts. 67 & 68.

# II. FACTUAL BACKGROUND

FPAWS is a non-profit association that represents the interests of Washington State foster parents who care for abused and neglected Washington children who have been removed from the custody of their parents or guardians.  Compl. ¶ 1.  Defendants are Washington state officials responsible for the administration and disbursement of federal funds received in connection with the CWA and for overseeing the State's foster care program.  *Id*. ¶¶ 2–3.

It is undisputed that, when the instant motions were filed, discovery was ongoing.  The Court need not give a detailed account of the facts of this case because the instant motions deal mostly with pure issues of law.  With regard to the few factual issues, the Court cites the specific evidence it relies upon.  Therefore, for the instant motions, it is sufficient to say that FWAPS alleges that the State is not fully or properly reimbursing foster parents for certain expenses incurred in raising foster children.  Defendants deny these allegations.

# III. DISCUSSION

Both parties have moved for summary judgment on various issues in this case. For organizational purposes, the Court first considers Defendants' motion and then considers FPAWS's motion.

**A.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

1 | meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

2 | U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

3 | issues of controversy in favor of the nonmoving party only when the facts specifically

4 | attested by that party contradict facts specifically attested by the moving party. The

5 | nonmoving party may not merely state that it will discredit the moving party's evidence

6 | at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

7 | *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

8 | nonspecific statements in affidavits are not sufficient, and missing facts will not be

9 | presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     42 U.S.C. § 1983**

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Defendants contend that an additional element under Section 1983 is that the State act pursuant to a policy or custom that amounts to "deliberate indifference." Dkt. 45 at 10 (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). Defendants are incorrect. First, they cite cases addressing local municipal liability. *See Oviatt*, 954 at

1474 (imposing "liability on a local governmental entity for failing to act to preserve constitutional rights). The instant case is easily distinguishable based on the fact that Defendants are individual state actors and not local municipal government entities. Second, even if the entity distinction was not obviously present, the Ninth Circuit has recently stated that the "Supreme Court has repeatedly recognized that a federal statute can create an enforceable right under § 1983 when it explicitly confers a specific monetary entitlement on an identified beneficiary." *California State Foster Parent Ass'n v. Wagner*, 624 F.3d 974, 978 (9th Cir. 2010). Therefore, the Court declines the invitation to impose a deliberate indifference standard.

The next question is whether FPAWS has a federal right to enforce. The CWA, also known as Title IV-E of the Social Security Act, was adopted in 1980 to enable states to provide foster care and adoption assistance for children in need of such services. 42 U.S.C. § 670. The Act establishes a program through which the federal government provides funding to states to cover the costs of administering the foster care system. 42 U.S.C. § 670, *et seq*. State receipt of funds is conditioned upon submission of a plan for assistance to the Department of Health and Human Services for approval. 42 U.S.C. § 671(a). The CWA requires that participating states use the federal funds to reimburse foster parents for identified out-of-pocket costs. 42 U.S.C. §§ 671(a)-(b), 672, 675(4)(A).

In this case, Defendants move for summary judgment as a matter of law because FPAWS cannot show the existence of a federal right. Dkt. 45 at 10. Defendants provide three arguments in support of their position: (1) they "disagree with the Ninth Circuit's holding in *Wagner*" (Dkt. 68 at 6 n. 5); (2) they contend that *Wagner* is distinguishable

(Dkt. 45 at 10–19); and (3) the CWA does not provide for specific payment amounts or a specific manner of payment (*id.* at 19–21). With regard to the first contention, the Court declines the invitation to overrule binding precedent.

Second, Defendants' attempt to distinguish *Wagner* is based on (1) the difference between the applicable state laws and (2) the position that "*Wagner* contained a number of analytical deficiencies." Dkt. 45 at 17. With regard to the latter position, the Court declines to engage in consideration of *Wagner's* alleged deficiencies. With respect to state laws, Defendants contend that "*Wagner* . . . rested on a California statute different from the way that Washington State implements Title IV–E." *Id*. *Wagner*, however, does not contain a single citation to a California statute. Therefore, the Court finds Defendants' state law argument without merit.

Third, Defendants argue that the CWA must establish a federal right in "clear and unambiguous terms." Dkt. 45 at 19 (*citing Gonzaga University v. Doe*, 536 U.S. 273, 290 (2002)). *Wagner* held "that §§ 672(a) and 675(4)(A) of the Child Welfare Act establish a presumptively enforceable right under § 1983 to foster care maintenance payments from the State that cover the cost of the expenses enumerated in § 675(4)(A)." *Wagner*, 624 F.3d at 982. Moreover, other district courts have held that the CWA is unambiguous and enforceable. *See, e.g., Missouri Child Care Ass'n v. Martin*, 241 F. Supp. 2d 1032, 1041 (W.D. Mo. 2003) ("Congress provided sufficient guidance in the CWA to permit judicial enforcement."). The expenses are clear and the right to reimbursement is clear. Therefore, the Court denies Defendants' motion on the issue of an enforceable federal right.

1 **C.     Standing**

2     To satisfy Article III standing requirements, a plaintiff must show that: (1) plaintiff has suffered "injury in fact" that is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61).

    In this case, Defendants move to dismiss FPAWS's claims for lack of standing to bring this suit.  Dkt. 45 at 8–9.  Defendants first contend that FPAWS has failed to establish an actual injury to an established federal right.  FPAWS has established a federal right, and actual injury has been sufficiently alleged.  Therefore, the Court denies the motion on this issue.

    Defendants also contend that FPAWS has failed to show a casual connection or how judicial relief will address the injury.  Dkt. 45 at 9.  Defendants fail to submit any persuasive argument in support of these legal conclusions.  FPAWS contends that "[r]equiring the State to meet its statutory obligations would clearly relieve [FPAWS's alleged] injuries."  Dkt. 60 at 14.  The Court agrees.  Moreover, the Ninth Circuit has remanded at least one case to the "district court to determine the proper scope of declaratory and injunctive relief [for claims of failure to properly reimburse foster parents]."  *California Alliance of Child and Family Services v. Allenby*, 589 F.3d 1017,

1023 (9th Cir. 2009). Therefore, the Court denies Defendants' motion on the issue of standing.

### D. Deprivation of a Federal Right

Defendants move for summary judgment because FPAWS has failed to show actual deprivation of a federal right to reimbursement. Dkt. 45 at 21–23. This issue clearly involves facts. Defendants submit declarations by state officials in support of the finding that "the State employs a carefully-tailored system to cover the costs of the items listed in 42 U.S.C. § 675(4)(A)." Dkt. 45 at 21 (*citing* Revel Robinson Decl., Ashby Decl., & Lambert Eckel Decl.). FPAWS counters that the Court should deny the motion because either (1) Defendants have failed to show that no material questions of fact exist on this issue or (2) Defendants' motion is premature because discovery relating directly to this issue is ongoing. Dkt. 60 at 11–13. The Court agrees as to both reasons. Therefore, the Court denies Defendants' motion for summary judgment on the issue of whether FPAWS has shown an actual deprivation of any reimbursement for any expense.

### E. Declaratory Judgment

Defendants move for summary judgment on FPAWS's request for declaratory judgment because FPAWS has failed to establish standing or show a private right of action. The Court, however, has concluded that FPAWS has standing and has a federal right to enforce. Therefore, the Court denies Defendants' motion on this issue.

### F. FPAWS's Motion

FPAWS moves for summary judgment on (1) Defendants' first affirmative defense that the CWA does not create an enforceable federal right, (2) Defendants'

obligations regarding reimbursements, and (3) Defendants' methodology for reimbursements. Dkt. 52. With regard to an enforceable federal right, the Court grants FPAWS's motion and Defendants' first affirmative defense is dismissed.

With regard to Defendants' obligations, FPAWS moves for summary judgment on a position that Defendants have taken in response to a propounded interrogatory. *See* Dkt. 52 at 9 ("Again, the State's position is directly contrary to . . . ."). FPAWS fails to show that this position is an appropriate issue for summary judgment as it does not appear to be a part of a claim or a defense. Moreover, the Court declines to engage in advisory opinions on what was discussed or positions taken "[d]uring informal discovery conferences . . . ." Dkt. 52 at 11. Both parties concede that discovery is ongoing. Once this process is complete, the Court will consider issues of law based on admissible evidence. *See* Fed. R. Civ. P. 56(c). Therefore, the Court denies FPAWS's motion on this issue.

With regard to reimbursement methodology, FPAWS contends that it is entitled to summary judgment because "the State has never implemented a rate assessment process that considers the costs of the statutory criteria . . . ." Dkt. 67 at 10. FPAWS is not entitled to summary judgment because it is either incorrect or material questions of fact exist. For example, Defendants have submitted "a copy of 'A Social Worker's Guide to Foster Care Rate Assessment' which is provided to social workers as a tool to assist in making foster care rate assessments." Dkt. 56, Declaration of Patricia Jacobson, ¶ 3. Moreover, FPAWS has failed to show that they are entitled to summary judgment as a matter of law. *See Allenby*, 589 F.3d at 1022 ("the CWA does not set rates or tell states

1  how they are supposed to cover costs. It does not require states to apply an index . . . or to
2  adopt any particular system for arriving at the amount to be reimbursed."). Therefore, the
3  Court denies FPAWS's motion on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 45) is **DENIED** and FPAWS's motion for partial summary judgment (Dkt. 52) is **GRANTED in part** and **DENIED in part**.

Dated this 7th day of February, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge