UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FOSTER PARENTS ASSOCIATION OF WASHINGTON STATE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUSAN N. DREYFUS, et al.,<br><br>　　　　　　Defendants. | CASE NO. C11-5051 BHS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Foster Parents Association of Washington State's ("FPAWS") motion for reconsideration (Dkt. 71). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 18, 2011, FPAWS filed a complaint against Susan N. Dreyfus, Secretary of the Washington State Department of Social and Health Services, and Denise R. Robinson, Assistant Secretary of the Washington State Department of Social and Health Services, Children's Administration ("Defendants") for declaratory and injunctive relief under 42 U.S.C. § 1983 for violations of the Child Welfare Act, 42 U.S.C. §§ 670–679b ("CWA"). Dkt. 1 ("Comp.").

On October 25, 2012, FPAWS filed a motion for partial summary judgment. Dkt. 52. On February 7, 2013, the Court granted the motion in part and denied it in part. Dkt. 70. On February 21, 2013, FPAWS filed a motion for reconsideration on the portions of the motion that were denied. Dkt. 71.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). Instead of showing a manifest error in the prior ruling, FPAWS "respectfully requests reconsideration" of "issues it believes were overlooked or misapprehended by the Court." Dkt. 71 at 4. FPAWS's motion, however, requested judgment on legal positions taken during the litigation and attorney's statement "during informal discovery conferences." Dkt. 52 at 11. For example, FPAWS's statement of facts provides in part as follows:

> Washington has opted into the CWA program and receives federal funding under Title IV-E. (Ans. [D.E. 6] at ¶ 15.) However, the State has taken positions in this litigation that purport to limit its obligations under the Child Welfare Act. For example, the State contends that the Act "does not obligate states to make maintenance payments that cover 'costs incurred,' does not require the state make its foster care maintenance payment in any particular manner, and does not require the state to pay for every category of expense listed." (Ex. 2: State's Resp to Interrog. No. 3, subpart 6.) Additionally, after more than a year of discovery and despite FPAWS's direct request, the State has not identified any methodology it uses for calculating foster care maintenance payments. The State has produced no documentation evidencing a methodology. (Gaston Decl. ¶¶ 6-

1   7 & Ex. 3: State's Resp. to RFP Nos. 1 & 2 and document referenced
    therein, Ex. 4.) Further, the State's response to interrogatories indicate that
2   the State never adopted a methodology for determining foster care
    maintenance rates that actually considers the actual costs of covering the
3   enumerated items in § 675(4)(A). (Ex. 2: Resp. to Interrog. No. 1.) And,
    although the State claims its maintenance payments include "other
4   payments made in addition to the reimbursement rate," it has produced
    nothing that shows these "other payments" are actually made on behalf of
5   each Title IV-E eligible foster child.

6   Dkt. 52 at 7.

7   In response, the State disagreed with FPAWS's contentions regarding discovery.

8   Specifically, the State asserted that it "disclosed evidence of specific payments on behalf

9   of Title IV-E eligible foster children for the time period fiscal years 2005 through 2011."

10  Dkt. 55 at 3.  Instead of addressing the illegality of any specific payment to any specific

11  foster parent, FPAWS's concentrated its arguments on how the State's legal positions

12  violated FPAWS proffered statutory constructions.  *See* Dkt. 67 at 4–10.  Declining to

13  rule as a matter of law on these issues is neither a manifest error of law nor a

14  misapprehension of the issues and would have been an advisory opinion on the parties'

15  legal theories.

16  ### III. ORDER

17  Therefore, it is hereby **ORDERED** that FPAWS") motion for reconsideration

18  (Dkt. 71) is **DENIED**.

19  Dated this 27th day of February, 2013.

                                                    _____
                                                    BENJAMIN H. SETTLE
                                                    United States District Judge

ORDER - 3