UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FOSTER PARENTS ASSOCIATION OF WASHINGTON STATE, | CASE NO. C11-5051 BHS |
| Plaintiff, | RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION |
| v. | |
| SUSAN N. DREYFUS, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for clarification (Dkt. 74) and provides the following response.

## I. PROCEDURAL HISTORY

On January 18, 2011, Plaintiff Foster Parents Association of Washington State ("FPAWS") filed a complaint against Defendants for declaratory and injunctive relief under 42 U.S.C. § 1983 for violations of the Child Welfare Act, 42 U.S.C. §§ 670–679b ("CWA").  Dkt. 1.

On October 25, 2012, Defendants filed a motion for summary judgment.  Dkt. 45. On February 7, 2013, the Court denied the motion.  Dkt. 70.  On February 21, 2013, Defendants filed a motion for reconsideration.  Dkt. 71.  On February 27, 2013, the Court

ORDER - 1

1   denied the motion.  Dkt. 72.  On May 9, 2013, Defendants filed a motion for clarification.

2   Dkt. 74.

3                                    **II. DISCUSSION**

4          Defendants seek clarification of (1) whether Plaintiff is suing Defendants in their

5   individual capacity or official capacity and (2) the elements of Plaintiff's claim.  Dkt. 74

6   at 4–6.  With regard to the former, the complaint clearly states that Plaintiff is suing

7   Defendants in their official capacity.  Dkt. 1, ¶¶ 2, 3, & 19.  In its earlier ruling, the Court

8   stated that Defendants were "individual state actors" (Dkt. 70 at 5), which in no way

9   suggests that the Court altered the nature of this suit such that Defendants are being sued

10  in their individual capacity.  Defendants' alleged confusion seems to be more of an

11  avenue to request reconsideration of the Court's refusal to become the first court in this

12  circuit, or any other circuit, to adopt a deliberate indifference standard for claims that a

13  state is failing to reimburse foster parents for the care of foster children.  Although

14  Plaintiff is correct that the time for reconsideration has passed, the Court will provide

15  some additional analysis because Defendants have clearly expressed their desire to

16  reargue important issues throughout this proceeding regardless of binding precedent.

17         Section 1983 "affords a 'civil remedy' for deprivations of federally protected

18  rights caused by persons acting under color of state law *without any express requirement*

19  *of a particular state of mind.*"  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (emphasis

20  added).  In *Parratt*, the Court held that, for claims under the Due Process Clause,

21  negligence would suffice.  *Id*. at 536–537.  A few years later, the Court overruled *Parratt*

22  holding that the term "deprive" in the Due Process Clause required a higher standard of

1  conduct by the state actor and negligence did not implicate the Due Process Clause.

2  *Daniels v. Williams*, 474 U.S. 327, 329–335 (1986).  The Court, however, did not

3  overturn the rule that each federally protected right requires a court to evaluate the

4  particular state of mind of the government actor.  For example, for claims under the

5  Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to

6  evidence deliberate indifference . . . ."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

7        In this case, Defendants requested that the Court adopt a deliberate indifference

8  state of mind and the Court declined to do so.  The Child Welfare Act ("CWA")

9  mandates that "[e]ach State with a plan approved under this part . . . make foster care

10  maintenance payments on behalf of each child" qualifying for foster care.  42 U.S.C. §

11  672(a); *California State Foster Parents Association v. Wagner,* 624 F.3d 974 (9th Cir.

12  2010).  Granted Defendants dispute that the CWA creates an enforceable private right,

13  but even if it does create such a right, nothing in the CWA suggests that Congress

14  intended the right to only be actionable if the state actor refuses to make proper payments

15  with deliberate indifference to foster children's needs.  Therefore, the Court declines to

16  adopt a deliberate indifference state of mind as an element of Plaintiff's claim.

17  Moreover, the Court considers the issue preserved for appeal so that the parties may

18  concentrate on other aspects of the case.

19        With regard to the elements of Plaintiff's claim, the Ninth Circuit provided

20  guidance in *California Alliance of Child and Family Services v. Allenby*, 589 F.3d 1017

21  (9th Cir. 2009).  There is no need to quote or repeat the analysis provided in that case.

22  Therefore, the Court finds the foregoing discussion is an adequate response to

1  Defendants' motion.  The Clerk is directed to remove the motion (Dkt. 74) from the

2  Court's calendar as it is unclear whether the motion should be granted or denied. The

3  Court considers this order a response, and not specifically a ruling on the motion.

4       **IT IS SO ORDERED.**

5       Dated this 4th day of June, 2013.

6

7

8                                          BENJAMIN H. SETTLE
                                           United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22