UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FOSTER PARENTS ASSOCIATION OF WASHINGTON STATE,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN QUIGLEY[1], et al.,<br><br>Defendants. | CASE NO. C11-5051 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR A PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff Foster Parents Association of Washington State's ("FPAWS") motion to compel (Dkt. 77) and Defendants Kevin Quigley, Secretary of the Washington DSHS, and Jennifer Strus's, Assistant Secretary for Children's Administration ("Defendants") motion for a protective order (Dkt. 80). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the motions for the reasons stated herein.

---

[1] On May 28, 2013, Defendants informed the Court that the original named officials in this action have been replaced.

ORDER - 1

## I. PROCEDURAL HISTORY

On January 18, 2011, FPAWS filed a complaint against Defendants for declaratory and injunctive relief under 42 U.S.C. § 1983 for violations of the Child Welfare Act, 42 U.S.C. §§ 670–679b ("CWA"). Dkt. 1.

On May 16, 2013, FPAWS filed a motion to compel (Dkt. 77) and Defendants filed a motion for a protective order (Dkt. 80). Both parties responded (Dkts. 84 & 89), and both parties replied (Dkts. 87 & 92).

## II. FACTUAL BACKGROUND

Discovery has been an issue in this case from nearly the beginning. *See* Dkt. 12 (first request to amend trial schedule). In fact, the parties agreed to suspend trial and pre-trial deadlines and file opposing dispositive motions in an effort to resolve or possible narrow some discovery disputes. *See* Dkt. 31. At that point, "the State ha[d] gathered and begun the review of 260.874 Gigabytes of general electronic discovery." Dkt. 32, Fourth Declaration of Theresa L. Fricke, ¶ 4. Now, the dispute has been narrowed to "133,306 documents, amounting to 25.1162 gigabytes of data . . . ." Dkt. 80 at 6. FPAWS contends that it has taken "numerous steps to streamline discovery and minimize the burden on the State." Dkts. 77 at 4 (listing some efforts) & 84 at 5–6 (listing additional efforts). Contrary to FPAWS's collaborative position, the State contends that "no further discovery of the unstructured [electronically stored information] is required, because it is unduly burdensome and disproportionate." Dkt. 80 at 10.

## III. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

If a party fails to fully respond to a discovery request, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). On the other hand, the party "from whom discovery is sought may move for a protective order . . . to protect [the] party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

In this case, the Court finds that both parties have reasonable positions as to what is relevant information. First, the State contends that FPAWS is requesting only prospective relief and, therefore, "there is no need to [produce] documents that show past events such as previously enacted policies, historical informal practices, or past customs." Dkt. 87. The Court agrees. Although FPAWS contends that it "must learn how the State arrived at [the current] policies and how it applies them," past conduct is not likely to lead to admissible information on current policies or conduct. The issue before the Court is whether the State substantially complies with its obligation to pay for item X; the Court finds that this may be determined without reference to past failures or corrective actions to pay for item X. Therefore, the Court grants Defendants' motion as to this category of discovery.

Second, FPAWS contends that, although the State has produced some discovery, it has still failed to produce documents relevant to essential elements of the case. FPAWS asserts that "the State tallies up the number of pages it has produced, ignoring that many of these document are neither responsive nor relevant to the issues in the litigation." Dkt. 92 at 4. Specifically, FPAWS claims that

> the State has not produced documents explaining any of the following:
> (1) How does the State calculate the basic monthly maintenance rate?
> (2) How does the State determine which ad hoc reimbursements to make?
> (3) What is the procedure by which foster parents caring for Title IV-E eligible children request such ad hoc reimbursements and vouchers?
> (4) Does the State provide every licensed foster parent caring for a Title IV-E eligible child with ad hoc reimbursements, vouchers, and services?
> (5) On average per year, how much does the State reimburse a licensed foster parent caring for a Title IV-E eligible child for the nine items enumerated under § 675(a)(4) of the Child Welfare Act?

*Id*. The Court finds that these are relevant issues, and if documents relevant to these questions exist in the remaining 2 gigabytes of material, then the State must produce them. Therefore, the Court grants FPAWS's motion on this issue.

Finally, the State requests that, if further production is ordered, the Court order cost splitting, extended production dates, or both. The Court finds that, at this point, the State has failed to meet its burden for cost splitting because the likely and obvious benefit of this discovery is not outweighed by any undue burden. With regard to the imposition of deadlines, no case should be at a stalemate after two years of discovery. The Court directs the parties to meet and confer and develop a plan to complete discovery. The

1  Court also requests a joint status report no later than July 12, 2013 regarding the

2  completion of discovery and when the case may be set for trial.

3  **IV. ORDER**

4  Therefore, it is hereby **ORDERED** that FPAWS's motion to compel (Dkt. 77) and

5  Defendants' motion for a protective order (Dkt. 80) are **GRANTED in part** and

6  **DENIED in part** as stated herein.

7  Dated this 12th day of June, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge