UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FOSTER PARENTS ASSOCIATION OF WASHINGTON STATE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN QUIGLEY, et al.,<br><br>　　　　　　Defendants. | CASE NO. C11-5051 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AGREEMENT |

This matter comes before the Court on Plaintiff Foster Parents Association of Washington State's ("FPAWS") motion to approve settlement agreement (Dkt. 224).

On August 19, 2014, the Court entered the parties' stipulated motion to stay this case pending a settlement agreement. Dkt. 217. On November 25, 2014, FPAWS filed a motion to approve settlement agreement. Dkt. 224. On December 8, 2014, Defendants Kevin Quigley and Jennifer Strus ("Defendants") responded. Dkt. 227. On December 19, 2014, FPAWS replied. Dkt. 230.

ORDER - 1

First, FPAWS moves the Court to approve the final settlement agreement. The Court has reviewed the agreement (Dkt. 225-1 at 22–27) and finds no reason to object to the agreement. To the extent that FPAWS requests that the Court adopt the agreement as an order of the Court, Defendants argue that there is no reason for the agreement to become an order of the Court. Dkt. 227 at 8. The Court agrees. Once a final dismissal order is entered, the Court will retain jurisdiction over the agreement "to vindicate its authority [and] effectuate its decree . . . ." *In re Valdez Fisheries Development Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006). Until that time, however, the case is stayed pending action by the Washington Legislature. Therefore, the Court grants the motion to the extent that the settlement agreement is approved by the Court.

Second, the parties dispute whether the Court should consider awarding FPAWS attorney's fees at this time. This case is stayed pending action by the legislature and any consideration of fees would be premature. Even if FPAWS is the prevailing party on some of its claims, there is no reason to determine that fractional amount at this point in the proceeding. The possibility that this matter may still go to trial further complicates any determination of fees. Therefore, the Court denies FPAWS's motion to set a deadline for a motion for attorney's fees.

**IT IS SO ORDERED**.

Dated this 30th day of December, 2014.

BENJAMIN H. SETTLE
United States District Judge